# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JERVON WARD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:09-CV-683
(Criminal Case No. 1:07:CR:52)

HON. GORDON J. QUIST

## OPINION AND ORDER

Before the Court is Petitioner's motion to vacate his conviction and sentence under 28 U.S.C. § 2255. On February 26, 2008, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In paragraph 10 of the plea agreement, Petitioner waived his right to appeal his conviction or collaterally attack his sentence where the sentence imposed was at or below the maximum of the guideline range. (Plea Agreement, 1:07:CR:52, docket no. 14, at 6). At sentencing, Petitioner objected to a prior resisting and obstructing arrest conviction being scored as a crime of violence under the Sentencing Guidelines. The Court overruled the objection and sentenced Petitioner to 87 months imprisonment.[1] Petitioner now argues he should be resentenced in light of *United States v. Mosley*, 575 F.3d 603 (6th Cir. 2009), which held that a violation of Michigan's resisting and obstructing statute, M.C.L. § 750.81d, is not categorically a crime of violence. For the following reasons, Petitioner's motion will be dismissed with prejudice.

Petitioner concedes that he waived his right to appeal and collaterally attack his sentence as part of his plea agreement. Petitioner argues, however, that his waiver was the product of ineffective

---

[1] The statutory maximum sentence for the offense was 120 months imprisonment.

assistance of his counsel, Gaylor L. Cardinal. A defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The Sixth Circuit draws a distinction, however, between appeals "that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally[] from those that go to the very validity of a guilty plea." *Id.* A defendant may collaterally attack his sentence under 28 U.S.C. § 2255 by challenging the validity of the waiver through a claim of ineffective assistance of counsel. *Id.*

Petitioner claims his counsel was ineffective because he was not fully advised of the consequences of waiving his right to appeal. The United States Court of Appeals for the Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

The standard under the *Strickland* deficiency prong is whether Petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, Petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. The Court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id.* at 690, 104 S. Ct. at 2065-66.

2

Petitioner fails to provide any evidentiary support showing that his counsel's representation fell below an objective standard of reasonableness. Indeed, the transcript of Petitioner's plea hearing undermines his claim. Mr. Cardinal, Petitioner's counsel, reviewed the plea agreement with Petitioner on three separate occasions: when it was signed, the day before the plea hearing, and the day of the plea hearing. (*See* Plea Hr'g, 1:07:CR:52, docket no. 20, at 12). Additionally, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(N), the Court reviewed in detail Petitioner's waiver of his right to appeal and collaterally attack his sentence. (*See id.* at 10-11). Specifically, the Court asked Petitioner whether he understood that he was knowingly waiving "the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the Court," and Petitioner answered "Yes." (*Id.*). Later in the plea hearing, the Court again explained to Petitioner the consequences of waiving his right to appeal. The Court stated, "I will just make it part of the record if you get sentenced above the guideline range, based on the way this is written you will not have the opportunity to withdraw your plea, but you will be able to appeal then. But if it's within the guideline range, you will not be able to withdraw your plea." (*Id.* at 16.) Thus, Petitioner knew the consequences of waiving his right to appeal and was afforded effective assistance of counsel.[2]

Petitioner's remaining arguments are meritless because he raises issues that he validly agreed to waive. Petitioner argues that his counsel was ineffective for (1) failing to assist him in withdrawing his guilty plea once the district court relied on his prior state court conviction at sentencing, and (2) failing to advise Petitioner to enter into a conditional plea so that he could challenge the Court's use of his prior state court conviction. The plea agreement is not invalidated by subsequent changes in the law. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 546 U.S. 862, 126 S.Ct. 145 (Oct. 3, 2005) ("[W]here developments in the law later

---

[2]Moreover, at the time of sentencing, at least three unreported Sixth Circuit cases held that a violation of M.C.L. § 750.81d(1) was categorically a crime of violence. As the Sixth Circuit has recognized, counsel cannot be considered ineffective for failing to predict the development of the law. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010).

expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.") Although the Sixth Circuit in *Mosley* held that a violation of Michigan's resisting and obstructing statute, M.C.L. § 750.81d, is not categorically a crime of violence, Petitioner validly agreed to waive his right to attack the sentence in the plea agreement.

Finally, Petitioner argues that his counsel failed to file an appeal after Petitioner asked his counsel to do so. As discussed above, Petitioner validly waived his right to appeal. The Sixth Circuit has explicitly recognized that such a waiver is enforceable. *See In re Acosta,* 480 F.3d 421 (2007) ("a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable"); *see also United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (a defendant may waive any constitutional right, including the right to appeal, in a plea agreement). Therefore, Petitioner's claim is meritless.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

4

or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. For the reasons stated by this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny the certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate his conviction and sentence (Docket #1) under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is hereby **DENIED**.

**This case is concluded.**

Dated: June 23, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE